UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>    Defendant. | Civil No. 14-749 (MJD/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff (a) files a complaint that fails to state a cause of action on which relief can be granted, or (b) seeks a judgment against a party that is immune from being sued. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). See also Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings

liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against the named Defendant, the State of Minnesota, under any conceivable legal theory. The complaint does not present any comprehendible factual allegations that describe anything that the State itself, (or anyone else), actually did, or failed to do, that could entitle Plaintiff to any judgment in this matter.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle him to any legal redress against the named Defendant (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

The Court further finds that the only named Defendant in this case, the State of Minnesota, is immune from suit in federal court. The Eleventh Amendment prohibits individuals from suing states in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has

abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's immunity. Moreover, the Court cannot independently conceive of any legal grounds that would allow Plaintiff to avoid the State's immunity. Thus, the Court finds that Plaintiff's current lawsuit against the State of Minnesota is barred by the Eleventh Amendment.

Finally, the Court notes that Plaintiff has filed a motion seeking leave to file an amended complaint. (Docket No. 3.) Plaintiff purportedly wants to amend his complaint, so he can ask the Court to "provide both civil and criminal remedies to resolve the violation of my constitutional rights being violated by the State of Minnesota." Plaintiff's motion to amend includes several vague, disjointed and nearly incomprehensible allegations alluding to beatings by unnamed police officers, false criminal charges, and the State's efforts to "dirty all that the plaintiff has worked so hard for." However, Plaintiff's proposed amendments to his complaint are not sufficient to state an actionable claim for relief, nor do the proposed amendments overcome the State's Eleventh Amendment immunity. Therefore, the Court will recommend that Plaintiff's motion to amend be denied. See Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 999) ("futility constitutes a valid reason for denial of a motion to amend").

For the reasons discussed above, the Court recommends that Plaintiff's pending IFP application be denied, and this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion to amend the complaint, (Docket No. 3), be **DENIED**; and

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).


Dated: March 21, 2014

                                          s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 4, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.